# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| CHARLES NANCE, | ) | |
| | ) | |
| *Petitioner,* | ) | Nos.1:05-cv-166/1:01-cr-003 |
| v. | ) | *Edgar* |
| | ) | |
| T.C. OUTLAW, WARDEN,[1] | ) | |
| | ) | |
| *Respondent.* | ) | |

## <u>MEMORANDUM</u>

Defendant Charles Nance ("Nance"), has filed a *pro se* petition for extraordinary relief [Court File No. 2]. In his petition for extraordinary relief, Nance has listed additional grounds for relief, such as a writ of habeas corpus, a writ of *audita querela*, writ of error *coram nobis,* writ of prohibition, and a writ of mandamus. The Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum and Judgment on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the petition, and the petition for extraordinary relief (writ of habeas corpus, a writ of *audita querela*, writ of error *coram nobis,* writ of prohibition, and a writ of mandamus) will be **DISMISSED**.

Nance pleaded guilty to count one of a six count indictment, *i.e.*, conspiring to unlawfully, knowingly, and intentionally manufacture 50 grams or more of a mixture or substance containing

---

[1] The petitioner named the United States District Court and United States Marshal for the Eastern District of Tennessee as the respondents. The proper respondent to a habeas action is the habeas petitioner's custodian. *See* 28 U.S.C. §§ 2241, 2242. The Court has substituted T.C. Outlaw, Warden, as the correct name of the Respondent. The Clerk is **DIRECTED** to substitute the name of T.C. Outlaw, Warden, in the style of the case.

1

methamphetamine in violation of 21 U.S.C. § 846. Nance was sentenced to 175 months imprisonment by judgment imposed on June 8, 2001. Nance appealed his sentence, claiming the district court failed to articulate on the record the reasons for his sentence. The Sixth Circuit affirmed Nance's conviction. *United States v. Nance*, 41 Fed.Appx. 823 (6th Cir. Aug. 8, 2002), (unpublished table decision); *see United States v. Nance*, Criminal Action 1:01-cr-3 (E.D. Tenn. 2001)[Court File No. 35]. The government subsequently filed a motion pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 35(b) to reduce Nance's sentence. On October 29, 2002, the district court granted the motion to the extent it reduced Nance's sentence to 151 months. It appears that Nance has not previously filed a motion pursuant to 28 U.S.C. § 2255 and although his petition discusses characterizing the petition before this Court as a § 2255 motion [Court File No. 2, at 32-33], he has filed a notice that he does not wish this document to be recharacterized as a § 2255 motion [Court File No. 3].[2]

Nance filed the instant petition on or about March 28 2005, alleging his judgment of conviction is void because the sentencing guidelines are unconstitutional. In support of his petition, Nance refers to the Supreme Court decisions rendered in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005).[3]

---

[2]    The record reflects that Nance's conviction became final on or about December 3, 2002. Consequently, the one-year statute of limitation for filing a motion under 28 U.S.C. § 2255 expired on or about December 3, 2003.

[3]    These cases do not apply retroactively to cases on collateral review. *See Goode v. United States*, 305 F.3d 378, 381 (6thCir.), *cert. denied*, 537 U.S. 1096 (2002) ("We conclude that *Apprendi* does not apply retroactively to initial § 2255 motions as it is not a watershed rule of criminal procedure.")

2

Nance seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which concerns the power of federal courts to grant writs of habeas corpus. Because Nance is challenging a federal conviction, his remedy is a § 2255 motion. Absent exceptional circumstances, which are not present in this case, Nance cannot use 28 U.S.C. § 2241 to circumvent the rules governing § 2255 motions. Accordingly, this Court lacks jurisdiction to consider his petitioner for the writ of habeas corpus.

Nance also seeks release from custody pursuant to writs of *audita querela* and error *coram nobis*. The Sixth Circuit recently explained the difference between these two writs:

> We note that writs of *audita querela* and *coram nobis* are similar, but legally distinct.

As one court explained:

> It was said that 'We see but little distinction between the writ of *coram nobis* and that of *audita querela*.' The technical distinction is that *coram nobis* attacks the judgment itself, whereas *audita querela* may be directed against the enforcement, or further enforcement, of a judgment which when rendered was just and unimpeachable.
>
> Put differently, *coram nobis* attacks the judgment itself, whereas *audita querela* attacks the consequences of the judgment.

*Ejelonu v. I.N.S.*, *Dept. of Homeland Sec.*, 355 F.3d 539, 544 (6th Cir. 2004) (citations omitted). *See also United States v. Torres*, 282 F.3d 1241 (10th Cir. 2002).

---

Any claim Nance may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied *Blakely* to the federal sentencing guidelines. In *Booker,* the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker* 125 S.Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review to cases in which the judgment was final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecution is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id.* The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005).

3

> Writs of *audita querela* and *coram nobis* "are similar, but not
> identical." Usually, a writ of *coram nobis* is used "to attack a
> judgment that was infirm [at the time it issued], for reasons that later
> came to light." By contrast, a writ of *audita querela* is used to
> challenge "a judgment that was correct at the time rendered but
> which is rendered infirm by matters which arise after its rendition."

*Id.* at 1245 n.6 (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)).

To the extent Nance has filed this petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a), the petition is frivolous [Court File No. 2]. The writ of error *coram nobis* may be used only to review errors "of the most fundamental character, that is, such as rendered the proceeding itself invalid." *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984) (per curiam) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)). A *coram nobis* petition will not be granted unless Nance demonstrates: "(1) an error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Id.*

In the event Nance could demonstrate the above, however, he is not entitled to a writ of error *coram nobis* because he remains in custody; *coram nobis* may only be used to vacate a federal sentence "'where the petitioner was served his sentence completely.'" *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (quoting *United States v. Craig*, 907 F.2d 653, 656 (7th Cir. 1990)). "'A prisoner in custody is barred from seeking a writ of error *coram nobis*.' This is the case even if, as here, § 2255 relief is no longer available. Because Monus remains in custody, he is barred from seeking the writ." *United States v. Monus*, 356 F.3d 714, 718 (6thCir. 2004) (quoting *United States v. Johnson*, 237 F.3d at 755).

It appears that Nance seeks to circumvent the rules governing § 2255 motions by filing a petition for writ of error *coram nobis*. This he cannot do. *Johnson*, 237 F.3d at 755. The Court

4

finds no authority that would allow Nance to utilize the writ of error *coram nobis* because he is prohibited from pursuing relief under 28 U.S.C. § 2255.

In the alternative, Nance has filed a petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. The United States Supreme Court has held that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act that is controlling." *Pennsylvania Bureau of Corrections v. United States Marshals,* 474 U.S. 34, 43 (1985). In this instance, where 28 U.S.C § 2255 already provides Nance the means to challenge the constitutionality of his federal sentence, it is that statute, and not the All Writs Act, which provides the authority for reviewing Nance's alleged unconstitutional federal sentence. *See Pennsylvania Bureau of Corrections v. United States Marshals,* 474 U.S. at 42, n.7, & 43. Nance has not alleged any exceptional circumstances, and the Court does not find any exceptional circumstances, which would authorize this Court to issue a writ under the All Writs Act. *Id.* at 43. The All Writs Act "does not authorize [Courts] to issue *ad hoc* writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id.*

The writ of *audita querela* is available, if at all, where there is a legal objection to a conviction that has arisen after the conviction. This writ is used to challenge a judgment that was correct at the time it was rendered but which is rendered infirm by matters which arise afterwards. *See Frost v. Snyder*, 13 Fed. Appx. 243, 246 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 406388. However, in the criminal context, a writ of *audita querela* may not be used to challenge a conviction when other remedies exist, such as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See, e.g.*, *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2000); *United States v.*

*Johnson*, 962 F.2d 579, 582 (7th Cir. 1992). Again, Nance cannot circumvent the § 2255 rules by calling his petition one for a writ of *audita querela*. *See Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). The Court finds no authority that would allow Nance to utilize the writ of *audita querela* because it appears he is prohibited from pursuing relief under 28 U.S.C. § 2255. *See United States v. Castellanos*, 2003 WL 22119175 (Unpublished) (N.D. Ill Sept. 11, 2003); *United States v. King*, 2003 WL 21663712 (Unpublished) (N.D. Tex. July 11, 2003); *United States v. Torres*, 282 F.3d at 1245.

Nance also seeks a writ of prohibition or a writ of mandamus to prevent the Bureau of Prisons from further execution of his sentence. Nance, having failed to demonstrate that he should be released from custody, is not entitled to either writ.

Nance is not entitled to any relief in this Court. Accordingly, a separate judgment will enter **DISMISSING** Nance's petition for extraordinary relief [Court File No. 2].

ENTER this *2nd day of August, 2005*.


        */s/ R. Allan Edgar*
        R. ALLAN EDGAR
        CHIEF UNITED STATES DISTRICT JUDGE